PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

DONOVAN M. MCKENDRICK (CABN 226995)
Special Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    Email: Donovan.McKendrick@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ANTHONY TYLER NASHATKA, <br><br> Defendant. | CASE NO. CR 19-0372 EMC <br>            CR 21-0145 EMC <br><br> UNITED STATES' MOTION TO VACATE FINAL ORDER OF FORFEITURE AS TO TREZOR WALLET AND ITS CONTENTS |

    The United States hereby moves this Court pursuant to the Federal Rules of Civil Procedure Rule 60(b)(6), for an order vacating the Final Order of Forfeiture entered by this Court on December 6, 2024. In support thereof, the United States states the following:

    On September 27, 2024, the Court entered a Preliminary Order of Forfeiture forfeiting the following property (the "Subject Property"):

- Trezor Wallet and its contents (113.52573591 BTC).

pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1030(i) and (j) and 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and the procedures outlined in Rule 32.2 of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(6) and Supplemental Rules

G(4)(a) and (b), the Preliminary Order of Forfeiture required the United States to publish notice of the Order and otherwise provide direct written notice to all persons known to have an interest in the Subject Property. *Id*. Third parties with interest in the property were required to file petitions contesting the forfeiture within 30 days. 21 U.S.C. § 853(n)(2).

Believing all necessary notice had been provided and no petitions having been received, on December 3, 2024, the United States submitted an Application for Final Order of Forfeiture. On December 6, 2024, the Court entered the Final Order of Forfeiture granting title to the Subject Property to the United States and authorized the United States to dispose of the Subject Property according to law.

Following entry of the Final Order of Forfeiture, the United States was contacted by two parties that stated they wanted to make a claim against the Subject Property, and further stated they had not received notice of the Preliminary Order of Forfeiture. After reviewing the claims made by the parties, the United States agrees that both parties may be victims of the Defendant in the instant case, and entitled to make a claim against the Subject Property. Further, based upon one parties' communications, the United States believes direct notice of the Preliminary Order of Forfeiture was improperly sent to the wrong address. In light of the United States' assessment and the parties' communications, the United States now moves to vacate the Final Order of Forfeiture so that new notice can be provided to all known potential claimants, as well as to allow parties to make claims against the Subject Property, to be resolved in an ancillary proceeding.

Criminal forfeiture proceedings are governed by 21 U.S.C. § 853 and Federal Rule of Criminal Procedure 32.2. Ancillary proceedings to assess third party interests in property ordered forfeited in a Preliminary Order of Forfeiture are governed by the Federal Rules of Civil Procedure. *United States v. Pease*, 331 F.3d 809, 816 (11th Cir.2003) (concluding ancillary proceedings under § 853(n) are civil cases); Fed. R. Crim. P. 32.2(c)(1) (the court may permit discovery and dispositive motion practice pursuant to the Federal Rules of Civil Procedure).

Requests to reopen ancillary proceedings are accordingly governed by Federal Rule of Civil Procedure 60(b). *United States v. Sayegh*, No. 2019 WL 530064, at *1 (D. Ariz. Feb. 11, 2019), citing *United States v. Puig*, 419 F.3d 700, 702 (8th Cir. 2005) ("The United States does not dispute the use of

UNITED STATES' MOTION TO VACATE FINAL ORDER OF FORFEITURE
CR 19-0372 EMC AND CR 21-0145 EMC                    2

Rule 60(b) to collaterally attack the criminal forfeiture order"), *United States v. Estevez*, 845 F.2d 1409, 1411 (7th Cir.1988) ("the government agrees that the provisions of Rule 60(b) of the Federal Rules of Civil Procedure are available to a third-party claimant seeking to vacate the final judgment of forfeiture"), and Fed.R.Crim.P. 32.2(c) advisory committee notes (noting that a third-party claimant may file a Rule 60(b) motion to reopen the ancillary proceeding allowed by 21 U.S.C. § 853(n)). *See also United States v. Aguirre*, 476 F. App'x 333, 334 (5th Cir. 2012) ("The proper method for attempting to reopen a forfeiture proceeding to file an untimely petition is through a motion under Federal Rule of Civil Procedure 60(b)") (citing FED.R.CRIM.P. 32.2(c), advisory committee notes); *United States v. Melero Aguirre*, 476 F. App'x. 333, 334–35 (5th Cir. 2012) (district court did not abuse discretion in denying Rule 60(b) motion seeking to set aside final order of forfeiture).

Rule 60(b) of the Federal Rules of Civil Procedure provides:

> "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59 (b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment**.** The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken."

(Fed.R.Civ.P. 60(b).

In *Klapprott v United States*, 335 US 601 (1949), the Supreme Court stated: "In simple English, the language of the 'other reason' clause, for all reasons except the five particularly specified, vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." *Id.* at 614-615. Rule 60(b)(6) "confers broad discretion on the trial court to grant relief when appropriate to accomplish justice [and] constitutes a grand reservoir of equitable power to do

justice in a particular case." *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2nd Cir. 2004) (*quoting Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir.1986), *cert. denied*, 480 U.S. 908, 107 S.Ct. 1353, 94 L.Ed.2d 523 (1987) (citations and quotation marks omitted). Subpart (b) "is properly invoked where there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship [.]" *Id*. at 56; *see also Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992) (courts may reconsider an earlier opinion if there has been an "intervening change of controlling law ... new evidence [has become available], or [there is a] need to correct a clear error or prevent manifest injustice") (citation and quotation marks omitted. Relief under Rule 60(b)(6) is available only in "extraordinary circumstances." *Buck v. Davis*, 580 U.S. 100, 102 (2017). In determining whether such circumstances exist a court may consider "a wide range of factors, including the risk of injustice to the parties and the risk of undermining the public's confidence in the judicial process." *Id* at 103. "Rule 60(b) proceedings are subject to only limited and deferential appellate review." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (*citing Browder v. Dir., Dep't of Corr. of Ill.*, 434 U.S. 257, 263 n. 7 (1978)).

Unlike motions under Rule 60(b)(1)-(3), a motion for relief under Rule 60(b)(6) need not be brought within one year. *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 393 (1993). Instead, the motion must be filed within a "reasonable time." *Id*. Motions for relief under Rule 60(b)(6) have been held to have been made within a "reasonable time" where the delay between final judgment and the motion seeking relief included: 4 years, *Klapprott,* 335 US at 393-394.

Here, one potential claimant was not provided with direct notice of the Preliminary Order of Forfeiture. As a result, known potential claimants who would have wanted to submit petitions to the Subject Property were not aware of the Preliminary Order of Forfeiture or of the statutory time limits and requirements to file a petition. The government's inadvertent failure to provide direct notice to all known potential claimants constitutes "mistake, inadvertence, surprise, or excusable neglect" warranting vacating the Final Order of Forfeiture pursuant to Rule 60(b)(1). Such failures are exceedingly rare, and the resulting deprivation of an opportunity to submit a petition to assert a claim to the Subject Property constitutes an "extraordinary circumstance" "justifying relief from the operation of the judgment" per Rule 60(b). *Estevez*, 845 F.2d at (inadequacy of statutory notice justified reopening ancillary

proceedings under Fed.R.Civ.P. 60(b)); *United States v. Bouler*, 927 F. Supp. 911, 916 (W.D.N.C. 1996) (Rule 60(b) motion appropriate means to challenge government's lack of notice to movant).  At the same time, vacating the Final Order of Forfeiture will not cause unfair prejudice to any party.  The defendant's rights, title and interests in the Subject Property were forfeited by entry of the Preliminary Order of Forfeiture.  The Final Order of Forfeiture vested title to the Subject Property in the United States, the same entity bringing the instant motion to vacate the order.

The purpose of the Final Order of Forfeiture is to quiet title to property.  The proper administration of that process requires that known potential claimants have an opportunity to submit petitions claiming an ownership interest in the property should they wish to do so.  *United States v. Gilbert*, 244 F.3d 888, 909 (11th Cir.2001) (the ancillary proceeding creates an orderly procedure whereby third parties who claim their property interests have been forfeited in a criminal case can challenge the forfeiture order and establish their legitimate ownership interests).

Here, the failure to provide a known potential claimant with direct notice of the Preliminary Order of Forfeiture undermined that process and justifies vacating the Final Order of Forfeiture so that appropriate notice may be sent and any potential claimant wishing to submit petition may do so within the applicable statutory framework.

Dated: 02/27/2025

Respectfully submitted,

PATRICK D. ROBBINS
Acting United States Attorney

  */s/*
DONOVAN MCKENDRICK
Special Assistant United States Attorney

UNITED STATES' MOTION TO VACATE FINAL ORDER OF FORFEITURE
CR 19-0372 EMC AND CR 21-0145 EMC                 5